■ In the Matter of the Claim of WILLIAM G. WEST, Respondent, v. PIEL'S BREWERY, INCORPORATED, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of benefits on the ground that there is no substantial evidence that the accident arose out of and in the course of employment. Claimant was injured when he was struck over the head by a fellow worker with an empty wooden beer case. There is a conflict of testimony as to the events which precipitated this incident but appellants do not dispute here the board's conclusion that the argument which initiated the dispute was work connected. Rather they urge that because claimant had been ordered to return to his work after the initial altercation with his assailant, the incident here involved was not connected with employment but was a purely personal matter. We cannot agree. Claimant testified that after they were separated from their initial struggle his assailant immediately ran toward the locker room, some 100 feet away, threatening to get a knife and that he was assaulted as he pursued him to prevent such action. Thus on the instant record, the board could properly find that the events here involved transpired in such close proximity time wise that there was no occasion for a "cooling-off period". (See 1 Larson, Workmen's Compensation Law, § 11.13, p. 118.) *Matter of Schneck* v. *Piel's Brewery* (11 A D 2d 826) is factually inapposite to the present case. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of FRANK PERGOLA, Appellant, v. MANHATTAN BEACH JEWISH CENTER et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board denying a claim on the ground that there was no accident, notice or causal relation. In disallowing the claim the board stated: "Upon review of the record we find no accident, no notice and no causal relation. The claim of accident seems to be an afterthought. No history of it was given to any one and no attempt to assert the claim was made until several months after the occurrence. His version of the occurrences of the day in question is almost incredible. The medical evidence introduced indicates that the condition is the result of the progression of a pre-existing arteriosclerotic heart disease." The decision of the board is supported by substantial evidence. Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.